[Cite as *25515 Tungsten, L.L.C. v. Ikner*, 2026-Ohio-2930.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| 25515 TUNGSTEN, LLC, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115248 |
| ASHLEY IKNER, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 30, 2026

Civil Appeal from the Euclid Municipal Court
Case No. 24CVF03226

### *Appearances:*

Ashley Ikner, *pro se.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Ashley Ikner ("Ikner") appeals, pro se, the trial court's judgment finding against her and in favor of appellee-landlord 25515 Tungsten, LLC ("Tungsten") in a landlord-tenant dispute. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On September 13, 2024, Tungsten filed a complaint in the Euclid Municipal Court alleging that Ikner had a written lease agreement with it which she violated and that she owed back rent, future rent, late fees, move-out costs, lock change expenses, advertising and reletting expenses and outstanding utility bills.

{¶ 3} On January 7, 2025, Ikner filed an answer, pro se, denying she owed any damages and alleging that the premises had various issues, including water damage. No exhibits were attached to the answer.

{¶ 4} On April 10, 2025, a bench trial was held. Ikner failed to appear. According to the magistrate's decision, Tungsten put forth evidence showing Ikner was a tenant and stopped paying rent in April 2024 but remained on the premises until November 2024. Based upon the testimony and evidence put forth by Tungsten, the magistrate found in favor of Tungsten in the amount of $6,811 for unpaid rent and late fees less Ikner's security deposit.

{¶ 5} On April 16, 2025, Ikner filed objections to the magistrate's decision. On May 22, 2025, the trial court undertook "an independent review of the record and determined that the Magistrate properly determined the factual and legal issues[]" and then, affirmed the magistrate's decision.

{¶ 6} On June 16, 2025, Ikner appealed the trial court's decision and motioned the court for a transcript at State's expense. This court denied her motion explaining that "[t]ranscripts at state expense are only available for criminal appeals. Appellant's appeal is a civil matter." Ikner indicated she would be filing an

App.R. 9(C) record, which this court explained was only permitted when a transcript is not available.

{¶ 7} On August 22, 2025, this court, sua sponte, converted the record in this appeal into an App.R. 9(A) record for failure to file an App.R. 9(C) statement.

{¶ 8} In her appellate brief Ikner raises the following assignments of error:

**Assignment of Error One**: The trial court erred in finding that the landlord did not breach the implied warranty of habitability under R.C. 5321.04 despite evidence of persistent water intrusion, sewage backup, and nonfunctional plumbing.

**Assignment of Error Two**: The trial court erred in awarding Plaintiff-Appellee $6,811 in back rent where the premises were not maintained in a fit and habitable condition as required by law.

**Assignment of Error Three**: The trial court erred in denying Defendant-Appellant's claims for damages resulting from the landlord's negligence and failure to repair known dangerous conditions.

Tungsten did not file an appellee brief, nor did anyone else in this case.

**Law and Analysis**

{¶ 9} On appeal, Ikner is alleging that the trial court erred by not finding that Tungsten breached the implied warranty of habitability, erred in awarding damages when the premises was not maintained in a fit and habitable condition and erred in denying her claim for damages from Tungsten's negligence in failing to repair a known dangerous condition.

{¶ 10} Ikner failed to file a transcript despite this court's sua sponte journal entry converting the record in this appeal to an App.R. 9(A) record for failure to file an App.R. 9(C) statement.

**{¶ 11}** "The appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision." *Lakewood v. Collins*, 2015-Ohio-4389, ¶ 9 (8th Dist.), citing App.R. 9(B) and *State v. Peterson*, 2012-Ohio-87, ¶ 7 (8th Dist.). *State v. Montanez*, 2024-Ohio-1468, ¶ 24 (8th Dist.) ("App.R. 9(B) states that it is the appellant's duty to order the transcript and App.R. 9(B)(6)(a)-(j) explains in detail what constitutes a transcript for the purpose of an appeal.").

**{¶ 12}** "This court has consistently held that '[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors . . . . Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below.'" *Cleveland v. McGervey*, 2022-Ohio-3911, ¶ 19 (8th Dist.), quoting *Collins* at ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm."); *Montanez* at ¶ 22-23.

**{¶ 13}** "This means that we must 'presume that the trial court considered all the evidence and arguments raised' and that sufficient evidence was presented to support the trial court's decision." *V.C. v. O.C.*, 2021-Ohio-1491, ¶ 65 (8th Dist.). "[W]e must accept the trial court's factual findings as true and limit our review to the trial court's legal conclusions, i.e., the trial court's application of the law to the facts." *Id*. at ¶ 66.

{¶ 14} Furthermore, Ikner's failure to file a transcript, which is necessary to evaluate the trial court's judgment, cannot be excused on the basis that she is acting pro se. *In re G.C.B.*, 2024-Ohio-74, ¶ 16 (8th Dist.) ("Appellant's failure to comply with App.R. 9 and his failure to fulfill his duty to file the parts of the transcript that are necessary to enable this court to evaluate the trial court's judgment cannot be excused on the basis that he is acting pro se."). "'Under Ohio law, pro se litigants are held to the same standard as all other litigants.'" *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

{¶ 15} As such, this court is unable to conduct a meaningful review in this matter and has no choice but to presume regularity in the proceedings below, accept the trial court's findings regarding Tungsten's damages as true and affirm the trial court's judgment awarding Tungsten $6,811 in damages.

{¶ 16} Additionally, we note that there is no evidence in the record that Ikner made any of these alleged claims that she makes on appeal in the trial court. She never filed any counterclaims alleging breach of the warranty of habitability or negligence against Tungsten, nor did she present any evidence for these claims at trial since she did not appear for trial. As such, because these claims were not put before the trial court, we will not decide them for the first time on appeal. *See Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, ¶ 21 (8th Dist.) (It is well-settled that a party cannot raise new arguments for the first time on appeal.); *Spy v. Arbor Park Phase One Assoc.*, 2020-Ohio-2944, ¶ 16 (8th

Dist.) ("It is well-settled that issues not raised in the trial court may not be raised for the first time on appeal."). Ikner's failure to raise these issues before the trial court results in a waiver of these issues on appeal. *Scott Fetzer Co. v. Miley*, 2019-Ohio-4578, ¶ 41 (8th Dist.) ("A party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes.").

{¶ 17} Ikner's assignments of error are overruled.

{¶ 18} Judgment affirmed.

It is ordered that the appellant pay the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR